```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 12, 2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DYLAN GIBBONS,
                                            :
                    Petitioner,                  05 Civ. 9413 (PAC) (MHD)
                                            :
         - against -                             ORDER ADOPTING R&R
                                            :
ROBERT ERCOLE, Superintendent, Green Haven
Correctional Facility,                      :

                    Respondent.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Dylan Gibbons ("Gibbons") seeks a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on the grounds that all but two of Gibbons' claims are procedurally barred, and that all the claims either lack merit or are not cognizable on habeas review. On September 24, 2008, Magistrate Judge Michael H. Dolinger issued a thorough and complete Report & Recommendation ("R&R") of 85 pages, recommending that Gibbons' petition be dismissed. Having reviewed and considered the R&R, as well as Gibbons' timely objections, the Court ADOPTS Magistrate Judge Dolinger's recommendations and DENIES Gibbons' petition. For the reasons discussed below, Respondent's motion to dismiss is GRANTED.

## BACKGROUND

Gibbons was convicted on March 7, 2002, after a jury trial, in New York State Supreme Court, New York County. The jury found Gibbons guilty of Murder in the Second Degree under a depraved indifference theory for the shooting of Russell Rocker ("Rocker") on October 25, 2000. Gibbons shot Rocker on the street near his Manhattan apartment building, shortly after Gibbons and Rocker had a confrontation in an elevator. Two eyewitnesses testified to Gibbons'

1

shooting of Rocker. The state court sentenced Gibbons to an indeterminate prison term of 25 years to life.

Gibbons appealed his conviction to the Appellate Division, First Department. On February 3, 2005, the Appellate Division unanimously affirmed Gibbons' conviction and sentence. People v. Gibbons, 15 A.D.3d 196 (2005). The Appellate Division dismissed some of Gibbons' claims on the merits and, finding his remaining claims unpreserved, declined to review them on the merits. Id., at 196–97. The Appellate Division concluded, however, that if it were to consider Gibbons' remaining claims, they would be rejected. Id., at 197.

On March 25, 2005, Gibbons sought leave to appeal to the New York Court of Appeals. On May 17, 2005, the New York Court of Appeals denied Gibbons' application. People v. Gibbons, 4 N.Y.3d 886 (2005). On October 19, 2005, Gibbons filed his habeas corpus petition with this Court.

Gibbons' habeas petition includes six grounds for relief. Specifically, Gibbons asserts that: (1) the prosecutor's cross-examination at trial was improper; (2) the prosecutor's summation deprived him of a fair trial since the prosecution improperly characterized defense witnesses as liars, made other inflammatory comments designed to arouse jurors' emotions, and referenced Gibbons' nickname, "two shot"; (3) the evidence was insufficient to establish depraved indifference murder, as opposed to intentional murder; (4) New York Penal Law's definition of depraved indifference murder is unconstitutionally vague; (5) the trial court violated his Sixth Amendment right to confrontation by admitting hearsay testimony implying that an unnamed informant identified Gibbons as the shooter; and (6) the trial court delivered supplemental jury instructions that encouraged the jury to rely on the unnamed informant's testimony. (R&R at 1–2.)

Magistrate Judge Dolinger found that Gibbons' first two grounds for relief—the prosecution's prejudicial cross-examination and summation—were procedurally barred since Gibbons failed to exhaust his state-court remedies. (R&R at 29–36.)  Additionally, Magistrate Judge Dolinger found three of Gibbons' claims procedurally barred since they were already decided on independent and adequate state grounds: (1) the evidence was insufficient to establish depraved indifference murder; (2) New York Penal Law's definition of depraved indifference murder is unconstitutionally vague; and (3) the trial court violated his Sixth Amendment right to confrontation. (R&R at 28, 36.)  For completeness, however, Magistrate Judge Dolinger also determined that all of Gibbons' claims lack merit, including Gibbons' claim that the supplemental jury instructions were prejudicial.  On October 14, 2008, Gibbons filed objections to the R&R ("Objections").

## DISCUSSION

**I. Standard of Review for a Report and Recommendation**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When a timely objection has been made to the magistrate judge's recommendations, "the court is required to conduct a de novo review of the contested sections." Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  The Court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

Gibbons raises four objections to the R&R.  The objections repeat the arguments Gibbons made in his habeas petition.  Each focuses on the merits of his claims, rather than on procedural deficiencies found by Magistrate Judge Dolinger.

Gibbons first contends that the prosecutor's summation deprived him of a fair trial since the prosecution improperly characterized defense witnesses as liars, made other inflammatory comments designed to arouse jurors' emotions, and referenced Gibbons' nickname, "two shot" (Objections at 25-26.)  Second, Gibbons argues that the evidence adduced at trial was legally insufficient to sustain a conviction for depraved indifference murder. (Objections at 8-24.) Third, Gibbons contends that New York Penal Law's definition of depraved indifference murder is unconstitutionally vague. (Objections at 27-28.)  Finally, Gibbons contends that the trial court violated his Sixth Amendment right to confrontation by admitting hearsay testimony implying that an unnamed informant identified Gibbons as the shooter. (Objections at 24-25.)

Gibbons does not object to Magistrate Judge Dolinger's finding that his claim regarding prejudicial supplemental jury instructions lacks merit.  Nor does Gibbons object to Magistrate Judge Dolinger's finding that his remaining five claims are procedurally barred, including the four claims to which Gibbons now raises merit-based objections.  Upon review, the Court finds no clear error in the portions of the R&R to which Gibbons does not object.  Accordingly, the Court finds that all the claims to which Gibbons now raises objections are procedurally-barred. Nevertheless, for the sake of completeness, the Court reviews Gibbons' objections on the merits, as Magistrate Judge Dolinger did.

### i. The Prosecution's Statements during Summation

Gibbons argues that the prosecution violated his right to a fair trial by questioning the veracity of the defense witnesses,[1] making statements about the dangerousness of the area around the crime scene, and using the defendant's nickname "two shot" during summation.[2]

---

[1] For example, the prosecutor used inflammatory language to discredit the testimony of Miss Douglas, Gibbons' alibi.  The prosecutor remarked, as for "Miss Douglas, she clearly came here and lied to you.  And you should find that insulting . . . [Y]ou cannot come into a court of law and lie.  And that is what she did, callous disregard for the truth." (Trial Tr. 467:24–25.)

[2] The prosecutor used Gibbons' nickname for purposes other than identification.  Regarding the alleged murder she remarked, "[T]he way that this happened, it was a call.  It was a way of saying, see what I've done. Watch what I've

4

Aspects of the prosecutor's summation may have been improper, but any such impropriety did not so prejudice Gibbons as to warrant a new trial. A petitioner may not obtain habeas relief on the basis of a prosecutor's summation merely because the "remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986). Rather, to grant relief, the Court "would have to find that the prosecutor's comments constituted more than mere trial error, and were instead so egregious as to violate the defendant's due process rights." Tankleff v. Senkowski, 135 F.3d 235, 252 (2d Cir. 1998). When a court reviews a prosecutor's remarks made during summation, the court must place the arguments at issue within the context of the trial as a whole. United States v. Young, 470 U.S. 1, 12 (1985). Moreover, a "prosecutors' comments must be evaluated in light of the defense argument that preceded it." Darden, 477 U.S. at 179.

Viewed in the context of the trial as a whole, including petitioner's wholesale attack on the credibility of the prosecution, the prosecutor's summation was not so egregious so as to violate the defendant's due process rights. Two eyewitnesses testified to Gibbons' murder of Rocker. (Trial Tr. 157:01–158:21, 107:03–117:15.) Though the prosecutor used inflammatory language to discredit witnesses, the defense also questioned the credibility of witnesses during summation. (Trial Tr. 425:21–427:05, 435:22–436:03, 436:23–437:12, 438:07–14.) The prosecution may respond to these attacks. Additionally, the prosecutor's statements regarding the safety of the area where the crime occurred were fleeting and marginal. (Trial Tr. 461:15–462:09.) Finally, the prosecutor's use of Gibbons' nickname did not "so infect the trial with unfairness as to make the resulting conviction a denial of due process." Darden, 477 U.S. at 181. Accordingly, the Court adopts Magistrate Judge Dolinger's finding that the prosecutor's summation did not deprive Gibbons of a fair trial.

---

done. Know me. See me. They call me Shots. They call me Two Shot. I did this. I just shot him. And you better know who I am. You better fear me. You better know me and you better fear me." (Id. 451:21–452:02.)

**ii. Legal Insufficiency for Depraved Indifference Murder**

Gibbons argues that since the facts of the case show that Gibbons intentionally murdered Rocker, it was error for the jury to find Gibbons guilty of depraved indifference murder—which does not include an element of intent to kill—and error for that charge to be submitted to the jury.

When a habeas petitioner challenges a conviction on the grounds of insufficiency of evidence, the appropriate inquiry for the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original). The reviewing court must defer to the jury's "assessments of the weight of the evidence or the credibility of witnesses." <u>Maldonado v. Scully</u>, 86 F.3d 32, 35 (2d Cir. 1996). When a federal court considers the sufficiency of the evidence from a state conviction, the federal court "must look to state law to determine the elements of the crime." <u>Ponnapula v. Spitzer</u>, 297 F.3d 172, 179 (2d Cir. 2002).

Under N.Y. Penal Law § 125.25(2), a person commits depraved indifference murder when "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person." A person acts recklessly when, "he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur . . . ." N.Y. Penal Law § 15.05(3).

Although the statutory language has not been revised since its enactment in 1967, the law on depraved indifference murder has undergone significant changes. <u>Rivera v. Cuomo</u>, 2009 U.S. Dist. LEXIS 118589, at *44 (E.D.N.Y. Dec. 18, 2009). Specifically, in a series of four decisions between June 2003 and December 2005, the New York Court of Appeals clarified the

6

law on depraved indifference murder, and determined that "depraved indifference" is itself a mens rea. People v. Baptiste, 853 N.Y.S.2d 719, 723 (2008).[3] Depraved indifference means extreme conduct that is "so wanton, so deficient in a moral sense of concern, so devoid of regard for the life or lives of others, and so blameworthy," and should not be conflated with the "'wanton disregard for human life inherent in every intentional homicide.'" Payne, 3 N.Y.3d at 271. Thus, the "use of a weapon can never result in depraved indifference murder when . . . there is a manifest intent to kill," and a one-on-one shooting "can almost never qualify as depraved indifference murder." Id. at 271–72.

     Gibbons shot Rocker in the chest from only five feet away. Under current New York law, Gibbons' one-on-one act can only reasonably constitute intentional murder, not depraved indifference murder. The Court, however, does not look to current New York law; rather, the Court looks to the law operative at the time of Gibbons' conviction. Rivera, 2009 U.S. Dist. LEXIS 118589, at *56–*62. The New York Court of Appeals explained that the purpose of reinterpreting the law on depraved indifference murder was to clarify the law prospectively, not to disturb convictions that were reached based on a proper application of the law at the time. Policano v. Herbert, 7 N.Y.3d 588, 603 (2006). Consequently, the New York Court of Appeals held that the new depraved indifference murder law does not apply retroactively. Id. at 604. Moreover, the standard applied to the sufficiency of evidence on habeas review is whether any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," Jackson, 443 U.S. at 319. Accordingly, the Court looks to New York depraved indifference murder law operative at the time the jury deliberated at Gibbons' trial, not as subsequently developed by New York state courts. See Rivera, 2009 U.S. Dist. LEXIS 118589, at *60–*61.

---

[3] The four decisions are People v. Hafeez, 792 N.E.2d 1060 (2003); People v. Gonzalez, 807 N.E.2d 273 (2004); People v. Payne, 3 N.Y.3d 266 (2004); and People v. Suarez, 844 N.E.2d 721 (2005).

At the time of Gibbons' trial, People v. Register, 60 N.Y.2d 270 (1983) controlled the law on depraved indifference murder.  Under Register, the mens rea for the crime of depraved indifference murder was recklessness, and a charge of depraved indifference was given for crimes that were committed "[u]nder circumstances evincing a depraved indifference to human life." Id. at 276.  "[T]he focus of the offense [was] not upon the subjective intent of the defendant, as it is with intentional murder, but rather upon an objective assessment of the degree of risk presented by defendant's reckless conduct." Baptiste, 853 N.Y.S.2d at 722 (citing Register, 60 N.Y.2d at 277).  In cases involving a one-on-one shooting, the defendant's actions were viewed both as evidence of intentional murder and as "evidence of circumstances evincing a depraved indifference to human life." Rivera, 2009 U.S. Dist. LEXIS 118589, at *46.  Thus, both charges were routinely submitted to the jury "unless there was absolutely no evidence whatsoever that the defendant might have acted unintentionally." Policano, 7 N.Y.3d at 600–01.

Significantly, in the first Court of Appeals decision after Register, the Court upheld a jury conviction of depraved indifference murder when the defendant shot the victim in the chest from up close. Sanchez, 98 N.Y.2d 373 (2002).  The Court pointed to circumstantial evidence in holding that a juror could reasonably harbor doubt that the murder was intentional. Id. at 378.  The Court further held that any close-up shooting meets the "level of manifested depravity" for depraved indifference murder since it presents "such a transcendent risk of causing death" and is deserving of "the same societal condemnation as purposeful homicide." Id.

Under Register, a rational trier of fact could find that Gibbons acted with depraved indifference.  The evidence at trial showed that Rocker was still alive after Gibbons shot him. (Trial Tr. 190:14–25.)  Gibbons was standing over Rocker but Gibbons neglected to shoot Rocker again and instead pulled his gun back and walked away. (Id. 116:23–117:20, 158:15–21.)  A juror could interpret Gibbons' actions as reflecting a lack of the conscious objective to cause

8

death.  Moreover, Gibbons shot at Rocker five times while chasing Rocker on a public street during the day near other innocent bystanders. (Id. 114:18–115:05.)  Based on this evidence, a juror could conclude that Gibbons' endangered others' lives by firing in a public area during the day.

Accordingly, the Court adopts Magistrate Judge Dolinger's recommendation as to the sufficiency of the trial evidence to support a conviction for depraved indifference murder.  Based on the evidence presented at trial under the then-controlling New York law, a rational trier of fact could have found Gibbons guilty of depraved indifference murder beyond a reasonable doubt.

### iii. New York's Depraved Indifference Statute

Gibbons argues that New York's depraved indifference statute is unconstitutionally vague since it is indistinguishable from reckless manslaughter.

A criminal statute is not unconstitutionally vague if the statute defines the criminal offense so that "ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983).  Courts have held that that New York's depraved indifference statute is not unconstitutionally vague, and does not allow for arbitrary application.  See Brown v. Graham, 2010 U.S. Dist. LEXIS 33640, at *13 (Apr. 6, 2010) (collecting cases); see also Rustici v. Phillips, 497 F. Supp. 2d 452, 479–81 (2007) (reviewing numerous cases that have rejected void-for-vagueness challenges).[4]  Accordingly, the Court rejects Gibbon's claim as to the unconstitutionality of New York's depraved indifference statute.

---

[4] Only Judge Brient has held that New York's depraved indifference statute is unconstitutional. See St. Helen v. Senkowski, No. 02 Civ. 10248, 2003 U.S. Dist. LEXIS 26642; Jones v. Keane, No. 02 Civ. 01804, 2002 U.S. Dist. LEXIS 27418.  In subsequent decisions, three dissenting judges agreed with Judge Brient that reckless manslaughter could be conflated with depraved indifference.  None of the dissenting judges, however, declared the statute unconstitutional. See Rustici, 497 F. Supp. 2d at 481.

**iv. Confrontation Clause**

Detective Christopher Killen testified at Gibbons' trial that, while investigating Gibbons' shooting, he interviewed an unnamed informant who provided Killen with a physical description of the shooter, including the information that he had braids. (Trial Tr. 273:17–276:14.) Killen then entered this information into a computer system to attempt to find a match for the defendant. (Id. 276:12–17.)

Gibbons argues that the admission of the unnamed informant's out-of-court statements violated the Sixth Amendments' Confrontation Clause. In Crawford v. Washington, the Supreme Court held that courts may not admit testimonial statements of witnesses who did not appear at trial unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. 541 U.S. 36, 68 (2004). Gibbons argues that the unnamed informant's out-of-court statement was testimonial hearsay, and that the trial court thus erred in admitting it.

Crawford, however, holds that "the [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Id., at 59 n.9. Killen described the informant's statements to establish how he developed a photo array of suspects, not for the truth of what the informant said. This use of testimonial hearsay does not violate the confrontation clause. United States v. Goldstein, 442 F.3d 777, 785 (2d Cir. 2006). Accordingly, the Court rejects Gibbons' argument that the trial court violated his Sixth Amendment right to confrontation.

## CONCLUSION

Accordingly, the Court ADOPTS Magistrate Judge Dolinger's R&R. Gibbons' petition for a writ of habeas corpus is DENIED, and the Respondent's motion to dismiss Gibbons' petition is GRANTED. As Gibbons has not made a substantial showing of a denial of a federal

right, appellate review is not warranted. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
      August 12, 2010

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed to:

Magistrate Judge Michael H. Dolinger

Edward D. Wilford, Esq.
20 Vesey Street
New York, NY 10007

Susan Axelrod
New York County District Attorney's Office
1 Hogan Place
New York, NY 10013